Filed 1/22/14  P. v. Luna CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW STEVEN LUNA,<br><br>        Defendant and Appellant. | A138449<br><br>(Napa County<br>Super. Ct. No. CR164668) |

Defendant Matthew Steven Luna appeals a judgment entered upon his plea of no contest to robbery and resisting an executive officer.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been apprised of his right to file a supplemental brief, but he has not done so.

Defendant was charged in count one with second degree robbery (Pen. Code,[1] § 211), with a special allegation that he personally used a firearm (§§ 1203.06, subd. (A)(1) & 12022.5, subd. (a)); in count two with being a felon in possession of a firearm (§ 29800, subd. (b)); in count three with possession of ammunition by a felon (§ 30305, subd. (a)); and in count four with resisting an executive officer (§ 69).

According to the probation officer's report, the victim of the crime reported that he had been walking along the Silverado Trail in Napa County when he heard what sounded

---

[1] All statutory references are to the Penal Code.

1

like a gunshot. A cab driver pulled up alongside the victim and asked if he had called for a fare. The victim said no and walked on. He heard an argument behind him, and turned and saw the cab driver argue with defendant, then drive on. Defendant jogged toward the victim with his fists up in an aggressive manner. Defendant appeared to be intoxicated. Defendant asked the victim if he was an "esse," then told him he looked like an "esse," and said, "We die too." The victim tried to get away, but defendant cut in front of him and asked for his phone. The victim told the defendant he could borrow his phone at a store where there was more light. Defendant reached into his pocket, pulled out a semiautomatic handgun, and said, "Look what I got. This is what I got," as he held the gun in his hand. The victim handed his phone to defendant and backed away. He was holding a flashlight and pointing it at defendant's face. Defendant said in a challenging manner, "Put your flashlight in my face," and pointed the gun at the victim.

The victim walked into the road and told a passing motorist to call 911. Defendant ran away. When police officers found him, he refused to follow their orders to stop and get on the ground, and he began to run. Officers found him and ordered him to lie on the ground and stop fighting. Defendant was "swinging about, attempting to roll and . . . swinging his right arm outward." Officers found a .25 caliber firearm magazine with live rounds on defendant's person. Defendant's wallet and a ".25 auto handgun" were later found abandoned together.

Pursuant to a negotiated disposition, defendant pled no contest to counts one (robbery) and four (resisting an executive officer) and admitted the firearm allegation. Under the plea agreement, defendant would be sentenced to no more than seven years in state prison, calculated as the midterm of three years for robbery (§§ 211 & 213), the midterm of four years for the firearm enhancement (§ 12022.5, subd. (a)), and a concurrent two-year term for resisting an executive officer (§§ 69 & 1170, subd. (h)). He initialed the portions of the plea form that advised him of the constitutional rights he was giving up.

The trial court sentenced defendant to the agreed-upon term of seven years, assessed a restitution fine and fees, and ordered defendant to receive substance abuse

counseling or education in prison.  (§ 1203.096, subd. (b).)  The court awarded 76 days of actual credit and nine days of conduct credit.

Defendant's appellate counsel later informed the trial court of a mistake in the calculation of conduct credits pursuant to section 2933.1, which limits conduct credits for those convicted of a violent felony to 15 percent (see § 667.5, subd. (c)), and the trial court corrected the error, increasing defendant's conduct credits to 11 days.

There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.

_____

Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.